No. 27,023.

LUCY WILLIAMS et al., *Appellants,* v. FORREST B. ANDERSON et al.,
*Appellees.*

### SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Right of Review—Matters Not Presented to Trial Court.*
The proceedings considered in an action to obtain title to real estate, com-
menced by the vendee in a contract of sale, and *held,* the subjects with
respect to which error is predicated—homestead privilege, and capacity of
a person to take an assignment of contract and a deed—were not presented
to the district court, and consequently may not be urged here.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed January 8, 1927. Affirmed.

*David F. Carson,* of Kansas City, for the appellants.

*E. A. Enright* and *Arthur J. Stanley,* both of Kansas City, for the appellees;
*Forrest B. Anderson,* of Kansas City, *pro se.*

The opinion of the court was delivered by

BURCH, J.: The action was one by a vendee, in a contract for sale
of real estate, to procure title. The husband of the vendee joined
with her as plaintiff. They were defeated, and appeal.

Lucy Williams purchased from George Frank, went into posses-
sion, and defaulted. The contract came into possession of Forrest
B. Anderson. Frank deeded to Anderson, and Anderson took steps
to obtain possession. The petition charged Anderson obtained pos-
session of the contract by defrauding plaintiffs, and procured the
deed by defrauding Frank. The court found that, for a valuable
consideration, plaintiffs sold, assigned and transferred the contract
to Anderson; that Frank consented to the assignment; that Anderson
fully complied with the contract; and that Frank gave Anderson a
warranty deed whereby Anderson became vested with full legal
title and became entitled to possession. The court further found
that after Anderson procured title, plaintiffs leased from him, for a
specified term, for a specified rent, which they paid. These findings
discredited the testimony of the principal witnesses for plaintiffs,
and negatived fraud, which was the sole ground on which recovery
was sought. The findings are based on ample evidence, which the

Appeal and Error, 3 C. J. p. 694 n. 54.

court chose to rely on, and are not contested here. The plaintiffs, however, present to this court two new grounds of recovery.

Plaintiffs went into possession under the contract received from Frank, and have continued to occupy the premises as a homestead. It is now claimed Charles Williams did not join with his wife in the alienation to Anderson. It was not necessary that Williams execute the assignment of the contract to Anderson, because he was not a party to it. His wife did execute a proper assignment indorsed on the instrument, and the instrument so assigned was delivered to Anderson, who paid a valuable consideration for it. Therefore, Anderson became assignee of the contract, unless the assignment were ineffectual for some reason. The reason relied on in the district court was stated in the petition. The word "homestead" does not appear in the petition, and Williams did not allege he did not consent to the assignment. He put his eggs in his wife's basket, and alleged the assignment was procured by fraud. The court determined the issue of fraud against him, and that ends the matter.

Plaintiffs further attempt to mend their hold in this court by contending Anderson was incompetent to take assignment from them, and to take the deed from Frank. Plaintiffs allege Anderson was their attorney, and included breach of professional duty in the charge of fraud. The testimony disclosed Anderson was employed by Frank as Frank's attorney to see that plaintiffs paid up, or to get possession of the property. Anderson said he would see what he could do. A few days later he returned with the assignment of the contract to himself and a receipt for $200 which he had paid for it. He outlined a course of procedure which was satisfactory to Frank, which was carried out. The arrangement included a mortgage to the Minnesota Avenue Bank to secure a loan of $700. At that time plaintiffs were out of the picture. After Anderson procured his deed from Frank, they reappeared as tenants of Anderson, and their present solicitude regarding the integrity of the transaction between Anderson and Frank is purely vicarious.

The judgment of the district court is affirmed.